Angela Hebberd (SBN 300114)
ahebberd@duanemorris.com
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Telephone: +1 213.689.7400
Facsimile: +1 213.689.7401

Alvin D. Lodish, P.A. (*pro hac vice* forthcoming)
alodish@duanemorris.com
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-2318
Telephone: +1 305.960.2239
Facsimile: +1 305.397.1863

Attorneys for Plaintiff
DONGGUAN FUMEIKANG ELECTRICAL
TECHNOLOGY CO., LTD.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGGUAN FUMEIKANG ELECTRICAL TECHNOLOGY CO., LTD., a Chinese company,<br><br>Plaintiff,<br><br>v.<br><br>ISO BEAUTY, INC., a California corporation,<br><br>Defendant. | Case No.:  2:17-cv-4002<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **ACCOUNT STATED**<br>3. **OPEN BOOK ACCOUNT**<br>4. **UNJUST ENRICHMENT**<br>5. **QUANTUM MERUIT** |

PLAINTIFF ALLEGES AS FOLLOWS:

## JURISDICTION AND VENUE

1. Diversity jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a).  Complete diversity of citizenship exists.  Plaintiff Dongguan Fumeikang Electrical Technology Co., Ltd. ("FMK") is a company incorporated under the laws of China with its principal place of business in Guangdong, China. Defendant ISO Beauty, Inc. ("ISO") is a corporation incorporated under the laws of the State of

1  California with its principal place of business in California. The amount in
2  controversy is at least $1,979,589.47, exclusive of interest, costs, and attorneys' fees.
3      2.   Venue is proper in this judicial district because ISO's principal place of
4  business is in this district and because the shipments of products that are the subject
5  of this lawsuit were shipped to ISO in this district.

## THE PARTIES

7      3.   At all material times, the Plaintiff, FMK, was and is a Chinese company.
8  FMK's principal place of business is No. 17 Building, Yinhu Industrial Area, Xiegang
9  Town, Dongguan City, Guangdong, China.
10     4.   At all material times, the Defendant, ISO, was and is a California
11 corporation with its principal place of business at 9111 Winnetka Avenue,
12 Chatsworth, California 91311.

## GENERAL ALLEGATIONS

14     5.   FMK manufactures and distributes, among other things, beauty-related
15 products to various markets including North America.
16     6.   From 2013 through 2016, ISO placed with FMK several orders of
17 beauty-related products.
18     7.   FMK shipped and ISO received each order of beauty-related products
19 that ISO placed.
20     8.   By accepting FMK's shipments of products, ISO agreed to pay FMK the
21 amount of $1,979,589.47 ("Unpaid Balance") for ISO's orders.
22     9.   However, ISO did not pay any of the $1,979,589.47.
23     10.  FMK has made demand on ISO for the Unpaid Balance, but ISO has
24 failed and refused to pay FMK the Unpaid Balance or any portion of it.
25     11.  All conditions precedent to this action have occurred, been performed,
26 or have been waived.
27 / / /
28 / / /

# FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

12. FMK re-alleges and incorporates by reference the allegations in paragraphs 1 through 11 as if fully set forth herein.

13. From 2013 through 2016, ISO placed several orders for FMK's products.

14. FMK shipped, and ISO received, all orders of FMK's products and the invoices ("Unpaid Invoices") for these products.

15. Pursuant to the Unpaid Invoices, ISO agreed to pay FMK the amount of $1,979,589.47.

16. All the Unpaid Invoices are attached hereto as **Exhibit A** and incorporated herein by reference.

17. FMK fully performed its obligations under the Unpaid Invoices by shipping and delivering to ISO the products it ordered.

18. ISO breached its contractual obligations to FMK by (i) failing to make full payment when payment was due under the Unpaid Invoices and (ii) continuing to fail to pay FMK the Unpaid Balance.

19. FMK provided notice to ISO of ISO's lack of payments, and FMK had tried to negotiate with ISO to resolve and pay the Unpaid Balance or portions of it. FMK's efforts at resolution have been futile.

20. FMK has been damaged because of ISO's breach of the Unpaid Invoices and failure to pay $1,979,589.47, plus statutory interest, for the products shipped to and received by ISO.

# SECOND CAUSE OF ACTION
## ACCOUNT STATED

21. FMK re-alleges and incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.

22. As alleged above, FMK believes it is entitled to full and complete payment from ISO in accordance with the breach of contract claim set forth above. To the extent the breach of contract claim is deemed unenforceable against ISO, FMK alleges in the alternative that ISO owes payment to FMK pursuant to an account stated.

23. In or around 2013 through 2014, ISO placed with FMK many orders of beauty-related products, which FMK timely shipped and delivered to ISO.

24. ISO never paid for the orders of products it placed and received from FMK.

25. In or around early 2016, FMK and ISO negotiated and came to an understanding that ISO would pay $1,624,423, in monthly installments, to satisfy the debt ISO owed to FMK for orders made through end of 2014.

26. Although the agreement by ISO to pay $1,624,423 was never formalized in an executed settlement agreement, FMK is informed and believes that ISO agreed, if not expressly then impliedly, that it would pay $1,624,423 to FMK to satisfy ISO's outstanding debt for orders made through 2014.

27. ISO has not indicated that it does not agree that it owes $1,624,423 to FMK.

28. FMK is informed and believes that ISO promised, if not expressly then impliedly, to pay FMK at least $1,624,423.

29. To date, ISO has not made any payments owed to FMK and thus has failed to pay any portion of the $1,624,423 amount agreed upon.

30. ISO owes FMK at least $1,624,423.

31. FMK has been damaged in the amount of at least $$1,624,423, plus statutory interest, because of ISO's failure to pay as agreed upon.

/ / /

/ / /

/ / /

# THIRD CAUSE OF ACTION
## OPEN BOOK ACCOUNT

32. FMK re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 as if fully set forth herein.

33. In or around 2013 through 2016, ISO placed with FMK many orders of beauty-related products, which FMK timely shipped and delivered to ISO.

34. ISO never paid for the orders it placed and received from FMK.

35. FMK kept an account of the debits and credits pertaining to ISO's orders of products and the amounts paid and unpaid for these orders.

36. Based on FMK's account of ISO's orders and payments, ISO owes FMK at least $1,979,589.47.

37. FMK has been damaged in the amount of at least $1,979,589.47, plus statutory interest, because of ISO's failure to pay.

# FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

38. FMK re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 as if fully set forth herein.

39. FMK conferred a benefit on ISO by delivering beauty-related products, totaling at least $1,979,589.47 in value, to ISO per ISO's orders.

40. ISO has knowledge of the products and their value.

41. ISO voluntarily accepted and retained, but has not paid for, the products.

42. The circumstances render ISO's retention of the value of the products inequitable unless ISO pays to FMK the Unpaid Balance.

43. ISO has been unjustly enriched at the expense of FMK.

44. FMK is entitled to restitution in the amount of at least $1,979,589.47, plus statutory interest, because of ISO's unjust enrichment.

/ / /

/ / /

## FIFTH CAUSE OF ACTION

## QUANTUM MERUIT

45. FMK re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

46. FMK conferred a benefit on ISO by delivering beauty-related products, totaling at least $1,979,589.47 in value, to ISO per ISO's orders.

47. ISO has knowledge of the products and their value.

48. ISO voluntarily accepted and retained, but has not paid for, the products.

49. The circumstances render ISO's retention of the value of the products inequitable unless ISO pays to FMK the Unpaid Balance.

50. As a result of the benefit conferred upon ISO, FMK is entitled to quantum meruit damages in the amount of at least $1,979,589.47, plus statutory interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FMK prays for judgment as follows:

1. For damages in an amount of $1,979,589.47 and any further damages according to proof at trial;

2. For an account stated of at least $1,624,423;

3. For an open book account of at least $1,979,589.47;

4. For restitution for unjust enrichment in the amount of at least $1,979,589.47;

5. For damages in quantum meruit in the amount of at least $1,979,589.47;

6. For interest at the applicable statutory rates;

7. For costs and reasonable attorneys' fees to the extent allowed by law; and

/ / /

/ / /

/ / /

8. For such other and further relief as this Court may deem just and proper.

Dated: May 30, 2017

**DUANE MORRIS LLP**

By: /s/ Angela Hebberd
Angela Hebberd
Alvin D. Lodish, P.A. (*pro hac vice* forthcoming)

Attorneys for Plaintiff
DONGGUAN FUMEIKANG ELECTRICAL TECHNOLOGY CO., LTD.